IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BELTON CLARK QUEEN,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 1:19-CR-328-WMR-CMS |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R&R") [Doc. 71], which recommends that Plaintiff's Motions to Suppress [Docs. 26, 27, 28] be DENIED. Plaintiff has filed an objection to the R&R [Doc. 82]. For the following reasons, this Court adopts the recommendations of the Magistrate Judge and DENIES Plaintiff's Motions to Suppress.

I.     **LEGAL STANDARD**

Under 28 U.S.C. §636(b)(1), the Court reviews the R&R for clear error if no objections are filed by either party within fourteen days of service. If a party does file objections, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

1

objection is made." 28 U.S.C. §636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). In other words, "when a party makes a timely and specific objection to a portion of the Report and Recommendation, the district court is obliged to engage in a de novo review of the issues raised on objection." *Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1373 (N.D. Ga. 2006). However, should a party fail to offer specific objections, the Court is not required to apply de novo review and may "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge[,]" applying a clearly erroneous standard. *Id.*; *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Rupert*, No. 1:06-CR-179-ODE, 2007 WL 9758001, at *1 (N.D. Ga. Feb. 23, 2007).

## II.    DISCUSSION

In his objection [Doc. 82], Defendant fails to identify any specific portions of the R&R to which he objects. Instead, Defendant merely "reincorporates those arguments raised in his previously filed Motions to Suppress." *Id*. Such "general objections" do no warrant *de novo* review. *United States v. Schultz*, 565 F.3d 1353,

1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Nevertheless, the Court has conducted an independent examination of the record and a de novo review of the legal conclusions, and the Court finds no error.

### A.  Factual Background

Defendant has not objected to relevant facts as stated in the R & R.  As the Magistrate Judge's findings of fact are not clearly erroneous, those facts are adopted by this Order as if fully set forth herein. Because the relevant facts are laid out in detail in the R & R, the Court need only provide a general summary here.

An undercover officer posed on the Internet as the mother of a thirteen-year-old girl and placed a suggestive advertisement on Craigslist regarding the (fictitious) minor child.  Defendant allegedly responded to the ad by email, after which the undercover officer and Defendant allegedly began communicating by text message and phone, apparently discussing Defendant's intent to engage in sexual activity with the (fictitious) minor child.  Ultimately, the parties agreed to meet at the Sonesta Hotel in Duluth, Georgia.

Law enforcement agents, who staked out the hotel prior to Defendant's arrival, arrested Defendant after he parked his vehicle in the check-in lane. Defendant had his cell phone in his hand at the time of his arrest and it was seized as evidence.  At the time of this seizure, the cell phone was unlocked and lit up, displaying a message that had been sent to him by the undercover officer.  As it was

readily apparent that this was the phone that was used to communicate with the undercover officer, law enforcement agents obtained a search warrant for the phone.

Following Defendant's arrest, the agents decided to impound his vehicle. During an "inventory search," agents found personal lubricant and alcohol in his vehicle.

When Defendant was being transported from the arrest location to the Atlanta City Detention Center on July 31, 2019, as well as when he was being transported to court the next day on August 1, 2019, Defendant made certain unsolicited incriminating statements. During that time, Defendant had not yet been advised of his Miranda rights.

### B. Defendant's Motions to Suppress

Defendant seeks to suppress the following evidence: (1) statements made by Defendant while he was being transported by law enforcement [Doc. 26]; (2) evidence gathered from his vehicle [Doc. 27]; and (3) information collected from his cell phone [Doc. 28]. As correctly determined by the magistrate judge in the R&R, all this evidence was lawfully obtained and should not be suppressed.

#### 1. Defendant's Statements

Although Defendant was not given *Miranda* warnings prior to making his statements on July 31, 2019 and August 1, 2019, the evidence shows that none of the statements were the result of an "interrogation" by the government such that

*Miranda* warnings were required. *See Miranda v. Arizona*, 384 U.S. 436, 477-78 (1966); *see also Rhode Island v. Innis*, 446 U.S. 291, 300-302 (1980). The July 31 statement in which he provided his nickname was made in response to routine booking practice that elicited information such as name, address, emergency contact information, medications, and identifying marks. Thus, that statement falls under the "routine booking exception" recognized by the Supreme Court and the Eleventh Circuit; *see Pennsylvania v. Muniz*, 496 U.S. 582, 600-602 (1990); *United States v. Sweeting*, 933 F.2d 962, 965 (11th Cir. 1991). The August 1 statements were either volunteered by Defendant without prompting by the officer, *see United States v. Suggs*, 755 F.2d 1538, 1541 (11th Cir. 1985), or made in response to the officer's follow-up questions, asked for the sake of clarification, to Defendant's spontaneous statements. *See United States v. Villegas-Tello*, 319 Fed. App'x 871, 876-77 (11th Cir. 2009).

    2. <u>Defendant's vehicle</u>

Because Defendant's vehicle was being lawfully impounded, the inventory search was reasonable under the Fourth Amendment. *See Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992); *Colorado v. Bertine*, 479 U.S. 367, 375-76 (1987). Contrary to Defendant's argument [*see* Doc. 54 at 13-14], the officers had no obligation to contact Defendant's family regarding the vehicle before impounding it. *Sammons*, 967 F.2d at 1543.

3. <u>Cell phone</u>

Where, as here, probable cause exists for an arrest, a defendant's cell phone may properly be seized as evidence. *See United States v. Fuentes*, 368 F. App'x 95, 98-99 (11th Cir. 2010). Further, as the law enforcement officers merely read what was already visible on the phone's unlocked screen, their use of what that saw on the phone's screen as part of the basis for a search warrant was not unreasonable. Furthermore, the information on the phone would still be admissible under the independent-source doctrine, since there was ample evidence from the undercover officer to establish probable cause to believe that evidence of a crime would be found on Defendant's phone. *See United States v. Davis*, 313 F.3d 1300, 1303 (11th Cir. 2002).

### III. <u>CONCLUSION</u>

After carefully considering the Report and Recommendation [Doc. 71], the Court receives the R&R with approval and adopts its findings and legal conclusions as the Opinion of this Court. Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Suppress Statements [Doc. 26], Defendant's Motion to Suppress Evidence [Doc. 27], and Defendant's Motion to Suppress Search and Seizure [Doc. 28] are **DENIED**.

IT IS SO ORDERED, this 2nd day of April, 2021.

*William M. Ray, II*
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE